F I L E D
United States Court of Appeals
Tenth Circuit

April 25, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STACEY W. BRACKENS,

Plaintiff - Appellant,

v.

BEST CAB, INC.,

Defendant - Appellee.

No. 06-3388

(D. Kansas)

(D.C. No. 06-CV-1283-MLB)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Stacey Brackens appeals from the district court's order dismissing his complaint because it is frivolous and fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Mr. Brackens proceeded pro se and *in forma pauperis* in the district court and does so on appeal. We affirm the district court's dismissal.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Brackens brought suit against Best Cab, Inc., in the United States District Court for the District of Kansas, claiming that Best Cab had discriminated against him on the basis of his race and "inflict[ed] Terror which caused depression that brought on mental anguish." R. Vol. I Doc. 1 at 2. As to his racial-discrimination claim, he alleges that Best Cab's attorney (apparently during a prior unsuccessful suit of his against the company) told him that if he were not representing himself the case would have settled; he interprets that statement to say "that they would have settled if I had a white lawyer, or even if I myself were white." *Id*. at 4. The allegations supporting his terror claim are similarly bizarre. He alleges: (1) "On two occasion [sic] [the son of Best Cab's owner] made threats to do bodily harm to myself, once he even came to my home with another gentleman and went to retrieved [sic] a weapon out of the back trunk of his car" (although there is no allegation regarding what was done with that weapon); and (2) one of Best Cab's drivers loosened "the lugs on my wife's van causing our last son to be born prematurely." *Id.* at 4. The sentence immediately following these allegations, however, states that he is "not suing for those things but because of and in light of those incidents I can show cause to fear, and based on that fear I had no other recourse but to flee the State of Kansas." *Id*.

We review a dismissal for frivolousness under an abuse-of-discretion standard. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). We review de novo a district court's dismissal of a complaint for failure to state a

claim, accepting the allegations as true and viewing them in the light most favorable to the plaintiff. *See Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Because Mr. Brackens filed his complaint pro se, we construe his pleadings liberally. *See Mann v. Boatwright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2006).

The district court did not abuse its discretion in finding the racial-discrimination claim frivolous. That claim is predicated on Mr. Brackens's belief that the statement by Best Cabs' lawyer that the case would have settled if Mr. Brackens had a lawyer meant that Best Cabs would have settled if Mr. Brackens were white. The district court could properly decide that Mr. Brackens's belief was gross speculation.

And we affirm dismissal of the infliction-of-terror claim for failure to state a claim. Mr. Brackens alleges no facts that could support such a claim.

The district court's order is AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge